**MABEL FOSTER and AMERICAN SAMOA DEVELOPMENT CORPORATION, jointly and severally, Appellants**

**v.**

**GOVERNOR A.P. LUTALI, on behalf of DEVELOPMENT BANK OF AMERICAN SAMOA, Appellees**

High Court of American Samoa
Appellate Division

AP No. 9-93
(CA No.37-93)

April 5, 1994

Before RICHMOND, Associate Justice, CANBY,* Acting Associate Justice, MUNSON,** Acting Associate Justice, FRUEAN, Associate Judge, and BETHAM, Associate Judge.

Counsel:     For Appellants, Asaua Fuimaono
             For Appellees, Jennifer L. Joneson, Assistant Attorney
             General

RICHMOND, Justice:

In February and March of 1993, appellee Governor A.P. Lutali ("the Governor"), on behalf of appellee Development Bank of American Samoa ("DBAS"), made three written requests to appellant Mabel Foster ("Foster"), secretary of appellant American Samoa Development Corporation ("ASDC"), to call a special shareholders' meeting. The Governor's first demand letter, dated February 11, requested a meeting for

---

* The Honorable William C. Canby, Jr., Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

** The Honorable Alex R. Munson, Chief Judge, United States District Court for the Northern Mariana Islands, serving by designation of the Secretary of the Interior.

the purpose of voting on whether or not to remove the then-current board of directors. His second demand letter, dated February 25, reiterated this request and added a request to vote on a bylaw amendment adopted February 5. Both these demands went unsatisfied, and the president of the ASDC responded to the Governor in writing that the requested purpose of these meetings would cause a conflict between the corporations bylaws and articles of incorporation.

On March 15, the Governor made his third written demand for a special meeting, here adding a request for an additional special meeting to vote on amending the ASDC's articles of incorporation. This demand went unanswered, and appellees subsequently sought and were granted a temporary restraining order. Upon appellees' claim for injunctive relief, the trial court issued an order on May 3, instructing Foster to call the special meetings requested for the purposes sought.

In its decision, the court below was confined to considering whether or not Foster should be enjoined from failing to call a special shareholders' meeting to (1) amend ASDC's articles of incorporation and (2) remove the current board of directors and elect a new board (Decision and Opinion issued May 3, 1993, at 2). The court found that ASDC's articles of incorporation permit amendments by a majority of stockholders, and that special meetings may be called for any purpose by at least 10% of the common stock entitled to vote (DBAS owns 80% of ASDC). The court noted that even if removing and electing directors was at the time prohibited, and the court did not state that it was, the removal would be proper if the proposed changes were duly adopted. The court found defendants argument that corporate directors are only to be elected at the annual meeting to be without merit, and that election of directors is notably different than removal of same. This is true even if removal necessarily results in a special election to choose replacement directors. In any event, the courts ruling was specifically directed to enjoining Foster from failing to carry out her duty to call the requested meetings.

On appeal, appellants, in essence, assume a legal connection between the court's ruling that the meetings be called and the actions that transpired at those meetings. Appellants continue to assert that the trial court's ruling necessarily led to the removal of the then-present board of directors, even though they acknowledge that the purpose of the injunction was simply to compel Foster to call the requested meetings. There is simply no legal nexus to these separate contentions. Appellants' appeal is restricted to the final decisions of the trial court. This court is not in the position of continually supervising legal and internal shareholder decisions of the

17

ASDC, however badly they may rest with appellants.

Appellants also argue that the trial court's finding that the board improperly attempted to insulate itself from accountability is not supported by the evidence. Contrary to appellants' assertions, this was not a finding of the trial court. The court's order of June 3, denying appellants' motion to reconsider, specifically stated:

> This court merely noted the fiduciary duty owed by a corporation board of directors to the stockholders and observed that a board's attempt to insulate itself from accountability to the shareholders is inconsistent with this duty.

The court, as it said itself, merely pointed out the board's fiduciary duty, an issue that was not before the court. Nor was the court basing its conclusions on the then-board's assumed motives. As this was clearly not part of the lower court's findings upon which it based its ruling, appellant's arguments must necessarily fail.

■ Appellants' last asserted issue on appeal, the alleged employment and due process rights of the removed directors, also fails as a matter of law. As appellants are restricted on appeal to contesting the lower court's final judgments, they cannot assert positions outside those parameters. This contention is firmly outside the scope of this appeal.

Accordingly, having fully reviewed appellant's arguments in support of their appeal, and finding none compelling, the trial court's decision is hereby affirmed.

It is so ordered.